UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

P-Send

CIVIL MINUTES - GENERAL

Case No   SA CV 01-1032 AHS (ANx)                    Date   July 30, 2004

Title     Wesley Van Kirk Robbins v  Christopher Lee, et al
================================================================================
PRESENT    HON. **ALICEMARIE H. STOTLER**, JUDGE (IN CHAMBERS)

           Ellen Matheson                    Not Present
           Deputy Clerk                      Court Reporter

DOCKETED ON CM
AUG - 2 2004
BY _____ 040

**ATTORNEYS PRESENT:**  None

**PROCEEDINGS:**   ORDER  1) DENYING DEFENDANT COLOR WEST INC 'S MOTION
                   FOR AN ORDER DISMISSING THE FIRST AMENDED COMPLAINT
                   WITH PREJUDICE PURSUANT TO FED  R  CIV  P  12(B), 2)
                   CORRECTING DOCKET

**I.   Procedural History And Ruling**

     On July 13, 2004, defendant Color West filed a Motion for an
Order Dismissing the First Amended Complaint with Prejudice Pursuant to
Fed  R  Civ  P  12(b)   On July 19, 2004, plaintiff filed opposition
thereto   On July 26, 2004, defendant replied   On July 28, 2004, the
Court took the matter under submission   Having read and considered the
parties' papers, and conducted its own research, the Court denies
defendant's motion

**II.  Facts**

     On December 28, 1998, plaintiff, via personal service, served
the First Amended Summons on the First Amended Complaint on Color West "a
business of unknown form "  A copy of the proof of service was filed with
the Court on September 3, 1999   The proof of service indicates that the
summons and complaint was specifically served on "Scott Jenson, [sic]
whose title is  authorized agent "  Defendant argues that Scott Jensen
(correct spelling) was not an authorized agent for service of process
under California law and that service has never been properly
effectuated

**III. Discussion**

     "A signed return of service constitutes prima facie evidence of
valid service which can be overcome only by strong and convincing
evidence "  O'Brien v  R J  O'Brien & Assoc , 998 F 2d 1394, 1398 (7th

**MINUTES FORM 11**                           INITIALS OF DEPUTY CLERK
**CIVIL - GEN    GBG**                D - M
S \AHS\2gbg\Minute Orders\Robbins-v-Lee colorwest service MTD wpd

SA CV 01-1032 AHS (ANx)                                    Page 2
<u>Wesley Van Kirk Robbins v. Christopher Lee, et al.</u>
Dated: July 30, 3004


Cir. 1993) <u>quoting</u> <u>Hicklin v. Edwards</u>, 226 F.2d 410, 414 (8th Cir. 1955) (internal quotation omitted). Plaintiff filed a proof of service of the first amended summons and complaint with the Court. Thus, the burden shifts to defendant to demonstrate that service was improper. Defendant argues that service was ineffectual under California law. Cal. Civ. Proc. Code § 416.10. Color West, however, fails to address the propriety of service under federal law. Fed. R. Civ. P. 4(h)(1). Under Rule 4(h), service of a domestic corporation may be effectuated by delivering a copy of the summons and complaint on a responsible employee who has "some measure of discretion in operating some phase of the defendant's business or in the management of a given office.. The recipient must also have at least such status that common sense would expect the recipient to see that the summons promptly gets into the hands of the appropriate personnel." <u>Baade v. Price</u>, 175 F.R.D. 403, 405 (D.D.C. 1997) (internal citations omitted).

  Here, defendant merely states that the Lynn Jensen is the authorized agent for service and that Scott Jensen is not. (Lavinsky decl. Ex. 2, Jensen decl. ¶¶ 2, 4). Nowhere does defendant address whether Scott Jensen maintained the requisite authority for service pursuant to Rule 4(h). Plaintiff presents evidence that Scott Jensen is an employee of defendant and is the son of Lynn Jensen. (Juarez decl. ¶ 2). Additionally, defendant does not argue that it lacks actual notice of this action. Defendant's motion is not meritorious.

  The Court orders the Clerk to correct docket entries 53 and 85, respectively, which state that defendant Color West has appeared in this action in the context of a motion to compel discovery and a motion for summary judgment. Defendant Color West shall be stricken from these docket entries. The parties contend, and the Court's own file indicates, that defendant has not previously made an appearance in this case.

**IV. Conclusion**

  For the foregoing reasons, defendant Color West's motion is denied. The Clerk is ordered to correct docket entries 53 and 85.

  The Clerk shall serve this minute order on counsel for all parties in this action.

2